UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NICHOLAS G. BELEZOS, on behalf
of himself and all others
similarly situated,
    Plaintiffs,


    v.                                                   CIVIL ACTION NO.
                                         17-12570-MBB

BOARD OF SELECTMEN of
Hingham, Massachusetts,
in their official capacity,
on behalf of themselves and
all others similarly situated,
    Defendants.

**MEMORANDUM AND ORDER RE:**
**PLAINTIFF BELEZOS' MOTION FOR RECONSIDERATION**
**OF MARCH 29, 2019 ORDER**
**(DOCKET ENTRY # 26)**

**July 3, 2019**

**BOWLER, U.S.M.J.**

    Plaintiff Nicholas G. Belezos, on behalf of himself and all others similarly situated, ("plaintiff") seeks reconsideration of a March 29, 2019 Memorandum and Order (Docket Entry # 22) "on the basis of manifest errors of law and manifest injustice." (Docket Entry # 26). As to the state law claims, he submits this court "erroneously overlooked the controlling Massachusetts law of claim preclusion (res judicata), in particular the law of 'appellate disregard' as enunciated in" Springfield Preservation Trust, Inc. v. Springfield Library and Museums Ass'n, Inc., 852 N.E.2d 83 (Mass. 2006) ("Springfield Trust"). (Docket Entry #

26, pp. 1, 4-6).[1]  As to the substantive due process claims,

plaintiff argues this court "misapprehended and erroneously

distinguished Limone, Kennie, and Rose I & II, erroneously

overlooked Sharpe, and erroneously relied upon Zotos I & II."

(Docket Entry # 26, pp. 1, 7-21).  With respect to the procedural

due process claim, plaintiff asserts this court "erroneously

overlooked the Mathews[2] balancing test."  (Docket Entry # 26, pp.

1, 21-22).  Defendants Board of Selectmen of the Town of Hingham

("defendants"), sued in their official capacity, on behalf of

themselves and all others similarly situated, disagree.  (Docket

Entry # 29).

## DISCUSSION

The standard to warrant reconsideration is difficult to

meet.  See Mulero-Abreu v. Puerto Rico Police Dep't, 675 F.3d 88,

95 (1st Cir. 2012).  One means to succeed is for a movant to

"'demonstrate . . . that the rendering court committed a manifest

error of law.'"  Id. at 94; see Villanueva v. United States, 662

F.3d 124, 128 (1st Cir. 2011) ("[r]econsideration may be proper

where the movant shows a manifest error of law . . . or where the

district court has misunderstood a party or made an error of

apprehension"); Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76,

---

[1]  Page references refer to the page number in the upper
right-hand corner of the docketed filing.

[2]  Mathews v. Eldridge, 424 U.S. 319 (1976).

2

82 (1st Cir. 2008) (reconsideration appropriate when "'movant shows a manifest error of law'" or "if the court 'has patently misunderstood a party or has made an error not of reasoning but apprehension'") (internal ellipses omitted); <u>accord</u> <u>United States v. Allen</u>, 573 F.3d 42, 53 (1st Cir. 2009) (reconsideration appropriate "if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust"); <u>Ellis v. United States</u>, 313 F.3d 636, 648 (1st Cir. 2002) (reconsideration "warranted if there has been a material change in controlling law" or "manifest injustice").  As indicated, the existence of a manifest injustice also provides a basis for reconsideration.  <u>Ellis v. United States</u>, 313 F.3d at 648; <u>see</u> <u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 817 (1988) ("court has the power to revisit prior decisions . . ., although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice'").  The manifest injustice exception "requires a definite and firm conviction that a prior ruling on a material matter is unreasonable or obviously wrong," <u>Ellis</u>, 313 F.3d at 648, "'as well as a finding of prejudice.'"  <u>United States v. Garcia-Ortiz</u>, 792 F.3d 184, 190-91 (1st Cir. 2015) (quoting <u>United States v. Wallace</u>, 573 F.3d 82, 89 (1st Cir. 2009), in

parenthetical), <u>cert. denied</u>, 138 S.Ct. 694 (Jan. 8, 2018).

Reconsideration is not an appropriate means "to advance arguments that could and should have been presented to the district court prior to its original ruling." <u>Villanueva v. United States</u>, 662 F.3d at 128; <u>accord</u> <u>United States v. Allen</u>, 573 F.3d at 53. Finally, this court has considerable discretion in adjudicating a motion for reconsideration. <u>See</u> <u>Harlow v. Children's Hosp.</u>, 432 F.3d 50, 56 (1st Cir. 2005) ("district court was not barred from reconsidering the prior decision; at most we review the decision to reconsider only for a particularly egregious abuse of discretion"); <u>accord</u> <u>Ray v. Ropes & Gray LLP</u>, 799 F.3d 99, 109 n.3 (1st Cir. 2015) (even if "law of the case doctrine applied to the court's interlocutory order, we would 'review the decision to reconsider only for a particularly egregious abuse of discretion'") (quoting <u>Harlow v. Children's Hosp.</u>, 432 F.3d at 55); <u>Karter v. Pleasant View Gardens, Inc.</u>, 323 F. Supp. 3d 179, 181 (D. Mass. 2018) (court "has substantial discretion to grant or deny a motion for reconsideration").

I. <u>Claim Preclusion</u>

Plaintiff initially seeks reconsideration of the "state claims" (counts I to III) because this court overlooked the controlling precedent of <u>Springfield Trust</u>. (Docket Entry # 26, pp. 1, 4-6). He correctly indicates (Docket Entry # 26, p. 4) that this court dismissed the individual state law claims based

4

on claim preclusion (Docket Entry # 22, § A and p. 41).

The decision by the Massachusetts Supreme Judicial Court ("SJC") in <u>Springfield Trust</u>, 852 N.E.2d at 91, sets out a strikingly similar procedural fact pattern and arrives at a conclusion different from this court on the third element of claim preclusion in the context of an appeal.  <u>See generally RFF Family P'ship, LP v. Ross</u>, 814 F.3d 520, 531-32 (1st Cir. 2016) (setting out the three required elements of claim preclusion under Massachusetts law, including third element, i.e., existence of "'prior final judgment on the merits'") (internal citation omitted).

For reasons largely expressed by plaintiff (Docket Entry # 26, pp. 5-6), this court has a firm conviction that its decision finding that claim preclusion applied as to the third element, notwithstanding a decision by the Massachusetts Appeals Court ("MAC") affirming the lower court in plaintiff's state court proceeding,[3] constitutes a manifest error of law as well as a manifest injustice sufficient to warrant reconsideration.  The MAC affirmed the lower court's ruling on a procedural basis and found it "unnecessary to reach the merits of Belezos's claims." (Docket Entry # 8-8, p. 4).  Whereas the lower court decided the claims on the merits and entered a final judgment (Docket Entry #

---

[3] <u>Belezos v. Board of Selectmen of the Town of Hingham</u>, Civil Action No. PLCV2014-01018B ("<u>Belezos</u>").  (Docket Entry ## 8-7, 8-8, 15-1).

8-7), the MAC decided the matter on a procedural ground based on
a waiver without reaching the merits (Docket Entry # 8-8).[4]   The
Springfield Trust decision, which this court regretfully
overlooked, is controlling, involves similar procedural facts,
and is dispositive of the judgment-on-the-merits element of claim
preclusion regarding appellate disregard in Massachusetts.   See,
e.g., Poirier v. Mass. Dep't of Corr., 186 F. Supp. 3d 66, 68–69
(D. Mass. 2016) (reconsidering and reversing prior statute of
limitations ruling because "DOC brings my attention to a First
Circuit decision . . . which is dispositive of the timeliness
issue with regard to Plaintiff's federal claim") (citation

---

[4]   In moving to dismiss the amended complaint based on claim
preclusion, defendants did not argue that the MAC's decision
based on waiver was itself a decision on the merits.   Rather,
defendants acknowledged and asserted the contrary.   (Docket Entry
# 8, p. 4) (MAC found "it unnecessary to reach the merits of Mr.
Belezos' claims because of this waiver"); (Docket Entry # 8, p.
17) (distinguishing "*fact that the Appeals Court affirmed the
judgment on other grounds without the need to reach the merits* of
Judge Muse's decision does not alter the fact that the prior
action produced a final judgment on the merits") (emphasis
added).   On reconsideration, defendants therefore waived the
argument that the MAC's conclusion that plaintiff "waived his
right to contest" that the traffic citation was itself a decision
on the merits for purposes of claim preclusion.   See
Curet-Velázquez v. ACEMLA de Puerto Rico, Inc., 656 F.3d 47, 54
(1st Cir. 2011) ("[a]rguments alluded to but not properly
developed before a magistrate judge are deemed waived"); see also
United States v. Caparotta, 676 F.3d 213, 218 (1st Cir. 2012)
("argument consist[ing] of just two sentences and two cursory
citations in his brief . . . is therefore waived"); see generally
Alston v. Town of Brookline Mass., 308 F. Supp. 3d 509, 549 (D.
Mass. 2018) (moving party seeking to establish claim preclusion
"bears the burden of establishing each of" the three elements),
reconsideration denied, 2018 WL 3302995 (D. Mass. July 5, 2018).

omitted), <u>aff'd</u>, No. 16-1587 (1st Cir. Feb. 22, 2018), <u>cert.</u>
<u>denied</u>, No. 18-5401 (Nov. 19, 2018).

More specifically, the SJC in <u>Springfield Trust</u> addressed
claim preclusion in the context of a prior case in which a lower
court found an ordinance valid, followed by the appeals court
affirming the judgment "on procedural grounds." <u>Springfield</u>
<u>Trust</u>, 852 N.E.2d at 91. The procedural grounds consisted of a
failure to join a necessary party and a failure to "notify the
Attorney General of the suit, as required" under a state statute.
<u>Id.</u> at 417, n.11. On appeal in the prior case, the MAC
"specifically stated that it did 'not reach the other questions
raised.'" <u>Id.</u> at 417 (internal citation omitted). Based on
these procedural facts, the SJC refused to apply claim preclusion
to the lower court's initial decision on the merits because the
MAC decided the matter on procedural grounds. <u>Id.</u> at 91.

> While the lower court had addressed the merits of the
> trust's claim, the case was ultimately decided on other
> grounds having nothing to do with the merits (see note 11,
> *supra*). "It is settled . . . that no [preclusive] effect
> can be attributed to a decree dismissing a bill or petition
> in equity, for want of jurisdiction or any other cause not
> involving the essential merits of the controversy." *Curley*
> *v. Curley*, 311 Mass. 61, 66, 40 N.E.2d 272 (1942).

<u>Springfield Trust</u>, 852 N.E.2d at 91; <u>see</u> <u>In re Sonus Networks,</u>
<u>Inc.</u>, 499 F.3d 47, 59 (1st Cir. 2007) (quoting above language in
<u>Springfield Trust</u> quoting <u>Curley v. Curley</u>, 40 N.E.2d 272, 274
(Mass. 1942)).

Plaintiff presented the appellate disregard argument in his

initial brief by quoting <u>Sonus Networks</u>' quotation of <u>Springfield</u> <u>Trust</u>. (Docket Entry # 15, p. 20). This court entirely overlooked the <u>Springfield Trust</u> decision and focused on <u>In re</u> <u>Baylis</u>, 217 F.3d 66, 71 (1st Cir. 2000), another decision cited in plaintiff's brief, as well as the lower court's merits-based decision in plaintiff's state court proceeding, <u>Belezos v. Board</u> <u>of Selectmen of the Town of Hingham</u>, Civil Action No. PLCV2014-01018B. (Docket Entry # 22, pp. 26-29). Further, whereas this court cited to a case involving *issue* preclusion that addressed the preclusive effect of an appellate court's decision affirming on a procedural ground a lower court's merits-based decision (Docket Entry # 22, pp. 28-29), this court did not address or cite a Massachusetts case involving *claim* preclusion with a similar procedural fact pattern involving an appeal of a lower court's decision resting on a singular ground rather than alternative grounds. The SJC's decision in <u>Springfield Trust</u>, however, addresses this fact pattern and finds no preclusive effect. Refusing to reconsider the unreasonable ruling, which overlooked <u>Springfield</u> and reached a diametrically opposite result, will work a manifest injustice result on plaintiff. <u>See</u> <u>Ellis v. United States</u>, 313 F.3d at 648 & n.5 (recognizing "a meaningful difference between an arguably erroneous ruling . . . and an unreasonable ruling that paves the way for a manifestly unjust result"). Accordingly, in this court's discretion and

8

based on a manifest error of law or, alternatively, the existence

of manifest injustice, see United States v. Carta, 690 F.3d 1, 5

(1st Cir. 2012) ("'manifest injustice requires a definite and

firm conviction that a prior ruling is unreasonable or obviously

wrong and a finding of prejudice'") (internal brackets, citation,

and ellipses omitted); Ellis v. United States, 313 F.3d at 648

(manifest injustice "requires a definite and firm conviction that

a prior ruling on a material matter is unreasonable or obviously

wrong" and prejudice), reconsideration is appropriate and the

motion to reconsider (Docket Entry # 26) is allowed as to the

state law claims.  See Poirier v. Mass. Dep't of Corr., 186 F.

Supp. 3d at 68-69; see also DeGrandis v. Children's Hosp. Boston,

Civil Action No. 14-10416-FDS, 2015 WL 1959433, at *4, *6 (D.

Mass. Apr. 30, 2015) (allowing motion to reconsider because court

previously and erroneously concluded memorandum of agreement was

"a repudiation," First Circuit law does not consider such

"last-chance agreements . . . to be a form of repudiation," and

court incorrectly determined claim was "straight breach-of-

contract claim rather than a 'hybrid' claim under the LMRA").

The reconsideration of the state law claims (counts I to III)

leads to their inclusion as claims in this case and no longer

dismissed.

II.  <u>Substantive Due Process Claims</u>

     Plaintiff also seeks reconsideration of the dismissal of the

substantive due process claims (counts IV and VI) along with the corresponding failure to train, supervise, and discipline claims (counts V and VII). The gravamen of these claims is the deliberate, knowing, and reckless fabrication of false evidence by erecting or failing to remove speed-limit signs that lacked regulatory authority and the repeated issuance of traffic citations under these illegal speed-limit signs. (Docket Entry # 11, ¶¶ 79, 83, 90, 94). Plaintiff insists this court overlooked Petition of Sharpe, 77 N.E.2d 769 (Mass. 1948) ("Sharpe"), because this court's Memorandum and Order (Docket Entry # 22) did not cite the decision. (Docket Entry # 26, pp. 11-12).

This court did not overlook the decision. Rather, like the court in Zotos v. Town of Hingham, et al., Civil Action No. 13-13065-DJC (D. Mass. March 25, 2016) ("Zotos II") (Docket Entry # 8-6), wherein plaintiff's counsel relied more heavily on Sharpe (Docket Entry # 21, p. 22, in Zotos II) in opposing a motion to dismiss similar substantive due process claims, this court simply did not cite Sharpe. Sharpe involves a criminal prosecution by the Commonwealth and a conviction for violating a traffic light signal that did not comply with a permit granted by the Newton Department of Public Works. Sharpe, 77 N.E.2d at 769-771 (trial judge assumed traffic lights were unlawfully maintained and nevertheless denied motion for new trial). It is distinguishable on the same basis the Massachusetts Superior Court (Plymouth

County) distinguished the decision in the state court proceedings plaintiff pursued regarding the traffic citation. (Docket Entry # 8-7, p. 6, n.1). Furthermore, whereas the Sharpe court reversed the trial court's denial of a motion for a new trial under a "manifest injustice" standard, see Sharpe, 77 N.E.2d at 771 ("fundamental test . . . in denying a motion for a new trial on the ground of newly discovered evidence is that . . . decision, unless reversed, will result in manifest injustice"), the holding did not apply the "'shock the conscience' standard" that adheres to a substantive due process claim. Estate of Bennett v. Wainwright, 548 F.3d 155, 162 (1st Cir. 2008) (citation omitted). Rather, the court used the principle that permitting a criminal "'sentence to stand for that which is not a crime would shock judicial conscience and result in a palpable miscarriage of justice'" to support and justify the satisfaction of the less-demanding manifest injustice standard. Sharpe, 77 N.E.2d at 771 (quoting Commonwealth v. Bracy, 46 N.E.2d 580 (Mass. 1943)). The relevant language is therefore dicta. More specifically, applying the state-law manifest injustice standard, the SJC overruled the trial judge's denial of the new trial motion as "wrong" because "the defendant obviously was not guilty of the offense charged if the traffic signals were not lawfully maintained." Id. The more difficult-to-meet "'shock the conscience' standard implicates behavior 'so egregious, so

11

outrageous, that it may fairly be said to shock the contemporary conscience.'" Estate of Bennett v. Wainwright, 548 F.3d at 162 (quoting Ramos-Piñero v. Puerto Rico, 453 F.3d 48, 53 (1st Cir. 2006), in parenthetical). "It is bedrock law in this circuit . . . that violations of state law—even where arbitrary, capricious, or undertaken in bad faith—do not, without more, give rise to a denial of substantive due process under the U.S. Constitution." Coyne v. City of Somerville, 972 F.2d 440, 444 (1st Cir. 1992) (citations omitted). Finally, the criminal prosecution and resulting criminal conviction at issue in Sharpe is more shocking and egregious than the civil infraction at issue in the case at bar.[5]

Plaintiff next contends this court misapplied and misinterpreted the decisions it did cite, namely, Limone v. Condon, 372 F.3d 39 (1st Cir. 2004); Kennie v. Nat. Res. Dep't of Dennis, 889 N.E.2d 936 (Mass. 2008); Rose v. Vill. of Peninsula, 839 F. Supp. 517 (N.D. Ohio 1993) ("Rose I"); Rose v. Vill. of Peninsula, 875 F. Supp. 442 (N.D. Ohio 1995) ("Rose II"); Zotos v. Town of Hingham, Civil Action No. 12-11126-JGD, 2013 WL

---

[5] "Proceedings under c. 90C, were revised by St.1986, c. 35, § 10 to provide that certain minor automobile law violations 'shall be deemed civil motor vehicle infractions and not criminal offenses, and all statutes, ordinances, by-laws or regulations heretofore providing for such automobile law violations shall be so interpreted.'" Commonwealth v. Weiss, 2004 Mass. App. Div. 144, 2004 WL 2110593, at *3 (Sept. 21, 2004) (per curiam) (citation omitted).

5328478 (D. Mass. Sept. 19, 2013) ("Zotos I"); and Zotos II.

(Docket Entry # 26, pp. 7-10, 12-21). The basis to distinguish

these cases (Docket Entry # 22, pp. 30-37) remains entirely

appropriate.

In addition, plaintiff's attempt to distinguish Zotos I and

Zotos II because he alleges in his briefs that the traffic signs

at issue were not "erected for safety reasons" (Docket Entry #

15, p. 18) (Docket Entry # 26, p. 20) is misguided. The amended

complaint does not include this allegation. Even if it did, the

facts and reasonable inferences in the amended complaint are less

extreme, less egregious, and less shocking than the facts in

cases where courts find substantive due process violations. See

Rochin v. People of Cal., 342 U.S. 165 (1952) (forcibly pumping

suspect's stomach to obtain evidence); Limone v. Condon, 372 F.3d

at 43-45 (intentionally fabricating incriminating evidence and

withholding exculpatory evidence to frame three individuals in a

murder they did not commit). The alleged misconduct is even less

conscious shocking than the misconduct in cases where courts do

not find due process violations. See Maldonado v. Fontanes, 568

F.3d 263, 273-74 (1st Cir. 2009) (mayor's alleged conduct of

authorizing the seizing of public housing tenants' pets did not

violate tenants' substantive due process rights); Cruz-Erazo v.

Rivera-Montañez, 212 F.3d 617, 621-23 (1st Cir. 2000)

(months-long campaign of harassment of plaintiffs by police

officers and officers' deliberate testimony perjuring themselves
in court did not set out substantive due process violation);
Boveri v. Town of Saugus, 113 F.3d 4, 7 (1st Cir. 1997)
(reckless, high-speed, police car chase resulting in physical
injuries did not violate substantive due process); Zotos I, 2013
WL 5328478, at *12 (collecting authority); see also J.R. v.
Gloria, 593 F.3d 73, 80 (1st Cir. 2010).  As pointed out in Zotos
I, a motorist, such as plaintiff, who drives on roads with
unlawfully posted speed limit signs "always has an option" to
drive "within the posted limit and" avoid a traffic citation.
Zotos I, 2013 WL 5328478, at *13.  "Under such circumstances, the
defendants' alleged actions in unlawfully posting and enforcing
speed limits is not the type of conduct that is 'so extreme,
egregious, or outrageously offensive as to shock the contemporary
conscience.'"  Id. (quoting DePoutot v. Raffaelly, 424 F.3d 112,
119 (1st Cir. 2005)).  Indeed, "'the requisite arbitrariness and
caprice' for a conscience-shocking executive action 'must be
stunning, evidencing more than humdrum legal error'" and, as
previously noted, "[m]ere violations of state law, even
violations resulting from bad faith, do not necessarily amount to
unconstitutional deprivations of substantive due process."
DePoutot v. Raffaelly, 424 F.3d at 119 (citation omitted); accord
Coyne v. City of Somerville, 972 F.2d at 444 ("violations of
state law—even where arbitrary, capricious, or undertaken in bad

14

faith—do not, without more, give rise to a denial of substantive due process under the U.S. Constitution"); see generally Marrero-Rodriquez v. Municipality of San Juan, 677 F.3d 497, 502 (1st Cir. 2012) (recognizing that "'Supreme Court has been firm in its reluctance to expand the doctrine of substantive due process'") (citation omitted). Finally, the facts in the case at bar do not involve "physical or psychological abuse, or significant interference with a protected relationship, such as the parent-child relationship." McConkie v. Nichols, 446 F.3d 258, 261 (1st Cir. 2006).

In sum, there is no basis to reconsider the decision as to the substantive due process claims given the absence of any manifest error of law or manifest injustice. Indeed, the foregoing discussion supports the correctness of the March 29, 2019 decision on the substantive due process claims.

III.  Procedural Due Process

Plaintiff seeks reconsideration of the dismissal of the procedural due process claim (Count VIII) because this court did not expressly analyze the three factors in Mathews v. Eldridge, 424 U.S. 319, 321, 333 (1976). Contrary to plaintiff's argument (Docket Entry # 26), this court's decision was neither a manifest error of law nor a manifest injustice. Rather, it was a correct one. Moreover, neither Zotos I nor Zotos II engaged in an analysis under Mathews. See Zotos I, 2013 WL 5328478, at *13;

15

<u>Zotos II</u>, Civil Action No. 13-13065-DJC (D. Mass. March 25, 2016) (Docket Entry # 8-6).

In any event, even reconsidering the decision and, as requested by plaintiff (Docket Entry # 26), explicitly applying the <u>Mathews</u> test, the procedural due process claim in Count VIII remains not plausible. The balancing test in <u>Mathews</u> weighs: "(A) the private interest affected; (B) the risk of erroneous deprivation of that interest through the procedures used; and (C) the governmental interest at stake." <u>Nelson v. Colorado</u>, 137 S. Ct. 1249, 1255 (2017) (citing <u>Mathews v. Eldridge</u>, 424 U.S. at 335). Plaintiff identifies property interests in his driver's license and his money as well as a liberty interest in being free from restraint. (Docket Entry # 15, pp. 18-20). In general, the "Due Process Clause applies to the deprivation of a driver's license by the State." <u>Dixon v. Love</u>, 431 U.S. 105, 112 (1977) (citation omitted); <u>Raper v. Lucey</u>, 488 F.2d 748, 752 (1st Cir. 1973) ("'freedom to make use of one's own property, here a motor vehicle, as a means of getting about from place to place, whether in pursuit of business or pleasure, is a "liberty" which under the Fourteenth Amendment cannot be denied or curtailed by a state without due process of law'") (citation omitted); <u>cf. Luk v. Commonwealth</u>, 658 N.E.2d 664, 669 (Mass. 1995) ("[i]n Massachusetts, one's right to operate a motor vehicle is a privilege voluntarily granted"). That said, plaintiff did not

16

lose his driver's license.  See <u>González-Droz v. González-Colón</u>, 660 F.3d 1, 13 (1st Cir. 2011) (to establish "procedural due process violation, the plaintiff 'must identify a protected liberty or property interest and allege that the defendants . . . deprived [him] of that interest without constitutionally adequate process'") (internal citation omitted); <u>Raper v. Lucey</u>, 488 F.2d 748, 752 ("[e]ven though federally protected rights are at issue, plaintiff must sufficiently allege facts to indicate that a deprivation of those rights by defendants has occurred" to avoid dismissal for "fail[ure] to state a claim").  Rather, he paid a $100 fine to avoid a "threatened suspension of his license" thereby implicating a property interest in his money.[6] (Docket Entry # 11, ¶ 20); <u>see</u> <u>Sansotta v. Town of Nags Head</u>, 724 F.3d 533, 540 (4th Cir. 2013) ("money is clearly a cognizable property

_____

[6] The property interest in his money extends to increased automobile insurance premiums.  (Docket Entry # 11, ¶ 21). Although plaintiff also lost his job (Docket Entry # 11, ¶¶ 22-23), it is unlikely that he has a property interest in his continued employment inasmuch as the facts alleged in the amended complaint fail to reasonably infer that plaintiff was not an employee at will.  "Under ordinary circumstances, an at-will employee lacks a reasonable expectation of continued employment (and, thus, has no property interest in [his or] her job)." <u>Gomez v. Rivera Rodriguez</u>, 344 F.3d 103, 111 (1st Cir. 2003); <u>see also</u> <u>Burton v. Town of Littleton</u>, 426 F.3d 9, 14-15 (1st Cir. 2005) ("'neither the termination of employment nor statements that might be characterized as defamatory are, by themselves, sufficient to implicate the liberty interest'") (quoting <u>Ortega-Rosario v. Alvarado-Ortiz</u>, 917 F.2d 71, 74 (1st Cir. 1990)).

interest") (citation omitted); <u>Herrada v. City of Detroit</u>, 275
F.3d 553, 556 (6th Cir. 2001) (plaintiff "clearly has a property
interest in her money").  Assuming for purposes of argument that
the traffic stop implicates a liberty interest under the Due
Process Clause, the limited and brief traffic stop does not
warrant any prior process.  <u>See</u> <u>Doyle v. Falmouth Police Dep't</u>,
No. 2:14-CV-259-JDL, 2015 WL 470715, at *5 (D. Me. Feb. 4, 2015);
<u>see also</u> <u>Johnson v. Crooks</u>, 326 F.3d 995, 1000 (8th Cir. 2003).
Overall and assuming for purposes of argument the asserted
liberty interest, the nature of plaintiff's private interests "is
not so great as to require" a departure "'from the ordinary
principle . . . that something less than an evidentiary hearing
is sufficient prior to adverse administrative action.'"[7]  <u>Dixon v.
Love</u>, 431 U.S. at 113 (quoting <u>Mathews v. Eldridge</u>, 424 U.S. at
343).

Contrary to plaintiff's argument (Docket Entry # 15), the
statutory process set out in Massachusetts General Laws chapter
90C, section 3(A) ("section 3(A)"), employed in plaintiff's case
does not lead to a high risk of an erroneous deprivation.
Plaintiff received notice of the opportunity to contest the
citation at a noncriminal hearing, as provided for under section

---

[7]  This is not to say that the administrative procedure at
issue involves less than an evidentiary hearing.  In fact, the
noncriminal, non-jury hearing may include witness testimony in
addition to the citation.  Mass. Gen. Laws ch. 90C, § 3(A)(4).

3(A)(2).[8]  Plaintiff availed himself of that opportunity by
contesting the citation at the noncriminal hearing on December
28, 2011, three months after he received the citation.  (Docket
Entry # 11, ¶¶ 15-16).  At the hearing, the citation is "prima
facie evidence of the facts stated therein" but the violator may
obtain witnesses to testify at the hearing through "[c]ompulsory
process."  Mass. Gen. Laws ch. 90C, § 3(A)(4).  Plaintiff had a
three-month time period to marshal evidence.  Prior to the
hearing and upon a showing of need to the magistrate, the statute
allows plaintiff to inspect "documents or materials in the
possession" of the "agency concerned that are essential to [his]
defense."  Mass. Gen. Laws ch. 90C, § 3(A)(4).  At a minimum,
plaintiff had the opportunity to argue the absence of a traffic
engineering study for the speed limit sign or to present any
other argument to the magistrate as a basis to find him not
responsible for the infraction.  Plaintiff's assertions of "the
lack of any evidentiary proof requirement" and an "evidentiary
presumption that [the speed-limit] sign is authorized by statute"
(Docket Entry # 15, pp. 19-20) are without merit.  Plaintiff had
the opportunity to be heard in a meaningful manner.  As
succinctly stated by the court in Zotos II, which this court

---

[8]  Plaintiff's acknowledgment that "he was afforded a
hearing and subsequent appeals prior to his deprivations" (Docket
Entry # 15, p. 19) does not eliminate these facts from the
analysis.

independently adopts, the "'Due Process Clause does not require any specific set of detailed procedures as long as the procedures are basically fair ones.'" Zotos II, Civil Action No. 13-13065-DJC (D. Mass. Mar. 25, 2016) (quoting Newman v. Burgin, 930 F.2d 955, 960 (1st Cir. 1991), with internal citation and ellipses omitted) (Docket Entry # 8-6). Here, those procedures are eminently fair and the risk of an erroneous deprivation does not weigh in plaintiff's favor.

Plaintiff also had the opportunity to challenge the evidentiary presumption, the purported lack of an evidentiary proof requirement, and the allegedly unauthorized signage in an appeal. (Docket Entry ## 8-8, 11-4). In particular, the statute provides for a de novo appeal of a magistrate's decision "to a justice" of the district court.[9] Mass. Gen. Laws ch. 90C, § 3(A)(4); Commonwealth v. Mongardi, 522 N.E.2d 984, 985-86 (Mass. App. Ct. 1988) (operator found responsible "can appeal to a District Court judge, 'who shall hear the case de novo'") (quoting section 3(A)). Thereafter, the operator may appeal "[q]uestions of law" in the disposition of the infraction before the justice to "the appellate division" of the district court and thereafter the Massachusetts appeals court. Mass. Gen. Laws ch. 90C, § 3(A)(4), (5); Mass. Gen. Laws ch. 90C, § 1 (defining

---

[9] A magistrate conducted the December 28, 2011 noncriminal hearing. (Docket Entry # 11-4).

"appellate division"); <u>Commonwealth v. Mongardi</u>, 522 N.E.2d

("appeal from the [district court] judge's finding can be taken

to the Appellate Division of the District Courts, and the

Appellate Division's order can thereafter be appealed to this

court"). Plaintiff, however, waived his opportunity to bring any

questions of law in such an appeal (Docket Entry # 8-8)[10] and

commenced a separate action in state court against defendants.

    The court in <u>Weiss</u> articulates the balancing of the

competing interests. <u>Commonwealth v. Weiss</u>, 2004 WL 2110593, at

---

    [10] In finding a waiver, the MAC summarized the provisions
and the inter-relationship of sections 17 and 18 of Massachusetts
General Laws chapter 90 ("chapter 90"), including special speed
regulations adopted by towns subject to the oversight approval of
the Massachusetts Department of Transportation. (Docket Entry #
8-8). The court also recognized that plaintiff's complaint,
similar to the amended complaint in this action, alleged that the
Board of Selectman of the Town of Hingham "did not obey the
procedures outlined in" section 18 of chapter 90 in connection
with the 30-mile-hour posted speed limit sign on Gardner Street.
(Docket Entry # 8-8). The MAC thereby implicitly found those
claims waived. The relevant language reads as follows:

    Belezos's complaint alleges that the town improperly posted
    sixty speed limit signs, including the sign under which he
    was cited, when it failed to obey the procedures outlined in
    G. L. C. 90, § 18 . . . At its core, Belezos's civil action
    challenges the basis of his speeding citation . . .

    It is unnecessary to reach the merits of Belezos's claims
    because he waived his right to contest the civil motor
    vehicle infraction that is at the heart of this dispute by
    failing to pursue the remedy expressly provided for by the
    Legislature. General Laws c. 90C, § 3, par. 2, as appearing
    in St. 1991, c. 138, § 161, states that "[p]ayment of the
    indicated assessment shall operate as a final disposition of
    the matter."

(Docket Entry # 8-8, pp. 3-4).

*1-2.  The overall fairness of the procedure in section 3(A)(4)

is apparent from the court's recitation of the process, which

also depicts the governmental interests at stake, i.e., <u>Mathews</u>'

third factor.  In section 3(A)(4):

> [T]he Legislature sought to fashion a nonjury civil
> procedure which would give an operator the protection of an
> informal judicial hearing, while ensuring that the
> overburdened court system would not be involved in lengthy
> trials of matters that no longer carried criminal penalties.
> As was said about the noncriminal disposition of parking
> violations by a municipal agency:  The noncriminal method of
> enforcement permitted by [the statute] . . . is essentially
> a sensible, simple, administrative method of making
> necessary traffic rules effective, without clogging the
> courts, causing undue public inconvenience and resentment,
> or depriving any citizen of full opportunity at his option
> for a judicial determination of facts.  It is open to all
> citizens on the same basis and constitutes a reasonable
> classification of minor offences for special administrative
> treatment.  *Commonwealth v. Mongardi*, 26 Mass.App.Ct. 5,
> 8-9, 522 N.E.2d 984 (1988), quoting *Commonwealth v. Marder*,
> 346 Mass. 408, 411, 193 N.E.2d 695 (1963), appeal dismissed,
> 377 U.S. 407, 84 S.Ct. 1626, 12 L.Ed.2d 405 (1964).

<u>Commonwealth v. Weiss</u>, 2004 WL 2110593, at *1 (internal quotation

marks omitted).  The procedure "affords both parties an

opportunity to resolve the case in a simple, informal hearing,

not subject to the rules of evidence, where they can be bound by

the decision of the magistrate only if they agree."  <u>Id.</u> at *2.

As noted, it balances the need to avoid "'"clogging the courts,

causing undue public inconvenience and resentment,"'"  <u>id.</u>

(internal citations omitted), with affording the violator an

initial opportunity to be heard and present witnesses followed by

an appeal subject to de novo review.  The availability of an

appeal and de novo review by a justice and thereafter the appellate division and the MAC, which may address "[q]uestions of law[,]" Mass. Gen. Laws ch. 90C, § 3(A)(4), (5), weighs against finding a procedural due process violation.  Indeed, "'[t]he availability of judicial review is an especially salient consideration' in determining whether procedural due process has been satisfied." <u>Zotos II</u>, Civil Action No. 13-13065-DJC (D. Mass. Mar. 25, 2016) (quoting <u>Amsden v. Moran</u>, 904 F.2d 748, 755 (1st Cir. 1990)) (Docket Entry # 8-6).  In sum, weighing and balancing the various factors under <u>Mathews</u>, including plaintiff's interests, the procedural due process claim remains subject to dismissal.

Separately, upon further review of the motion for class certification (Docket Entry # 16) and the opposition (Docket Entry # 25), a hearing on the motion is not necessary.  In addition, neither party requested a hearing in accordance with LR. 7.1(d).  The motion (Docket Entry # 16) will therefore be decided on the papers.

<u>CONCLUSION</u>

In accordance with the foregoing discussion, the motion for reconsideration (Docket Entry # 26) is **ALLOWED** for counts I, II, and III and **DENIED** for counts IV to VIII.

                                                                                     /s/ Marianne B. Bowler
                                                                                   **MARIANNE B. BOWLER**
                                                                                   United States Magistrate Judge